NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 15, 2022[*]
Decided September 16, 2022

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

No. 22-1598

| | |
|---|---|
| JAMAL A. AKBAR, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 1:17-CV-05447 |
| INTERSTATE REALTY MANAGEMENT COMPANY and LEGENDS A-2, LLC, | Edmond E. Chang, *Judge.* |
| *Defendants-Appellees.* | |

**O R D E R**

Jamal Akbar sued the owner and the operator of a housing development for denying his application to rent a unit allegedly because of his disability (muscular

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

damage to his left shoulder) and low income. *See* 42 U.S.C. § 3604. Because the district court correctly ruled that Akbar did not present any evidence of unlawful discrimination and entered summary judgment against him, we affirm.

Akbar applied to rent a unit in a Chicago apartment complex managed by Interstate Realty Management Company and owned by Legends A-2, LLC (collectively, Interstate). According to Interstate's policy, applicants who do not receive public-housing assistance must typically earn at least three times the rental amount in order to rent a unit. When Akbar applied, three types of units were available: market-rate units costing $900 per month, low-income units costing $746 per month, and public-housing units that were available only to applicants receiving public-housing assistance. Akbar's income was $731 per month, reflecting his disability benefits, and he did not receive public-housing assistance. Interstate notified Akbar that it rejected his application because his monthly income was below the minimum-income requirement for market-rate and low-income units, and he was ineligible for the public-housing units.

Akbar sued Interstate, alleging that it discriminated against him based on his disability and income when it denied his rental application. The district court construed these allegations as a claim under the Fair Housing Act. *See* 42 U.S.C. § 3604. Akbar further alleged that, because Interstate never responded to his request for a hearing after it denied his application, it denied him property without due process.

After discovery, Interstate and Akbar cross-moved for summary judgment. Interstate furnished evidence that Akbar's income fell below its minimum-income requirement, that it has rejected nondisabled applicants who fail to meet the income requirement, and it accepts disabled applicants who do meet that requirement. Akbar did not respond to these facts with citations to evidence in the record. He pointed only to the denial of his application and argued that, because he has limited income and is disabled, Interstate unlawfully discriminated against him.

The district court entered summary judgment for Interstate. To begin, the court ruled that Akbar violated the local rules that required him to respond to Interstate's asserted facts with citations to the record. *See* N.D. Ill. L.R. 56.1. As it was permitted to do, *Igasaki v. Illinois Dep't of Fin. & Pro. Regul.*, 988 F.3d 948, 956–57 (7th Cir. 2021), the court therefore deemed Interstate's facts admitted and disregarded Akbar's unsupported assertions. Next, the court ruled that Akbar's claim under the Fair Housing Act failed because the record contained no evidence that would allow a reasonable jury to infer that Interstate discriminated against people with disabilities—either under a disparate-treatment or disparate-impact theory. Finally, the court ruled

that Akbar's due-process claim failed because he did not show that Insterstate, a private company, acted under color of state law.

On appeal, Akbar contests the adverse summary judgment. We may assume that Interstate denied Akbar's application because of his low income, but the Fair Housing Act does not bar discrimination based on income. *See* 42 U.S.C. § 3604. The Act does bar discrimination based on "handicap," *id.* § 3604(f)(1), but the undisputed evidence shows that Interstate accepts disabled applicants who meet the income rules and rejects non-disabled (and disabled) applicants who do not. On this record, then, a jury could not find that Interstate treated Akbar differently, or used an income policy with an adverse impact, based on disability. *See Texas Dep't of Hous. & Cmty. Affs. v. Inclusive Cmtys. Project, Inc.*, 135 S. Ct. 2507, 2513, 2525 (2015) (explaining disparate-treatment and disparate-impact claims under the Act). Akbar speculates that Interstate wanted him out because of his disability, but speculation is not enough to require a trial. *See Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 573 (7th Cir. 2021).

Akbar's remaining arguments also do not save this appeal. He argues that Interstate denied him a rental unit without due process, thereby offending 42 U.S.C. § 1983. But § 1983 governs only persons who act under color of state law. Akbar contends that Interstate received federal tax credits. Even if that were enough to transform Interstate into a government actor, it would make Interstate a *federal* actor rather a *state* actor. *C.f. L.P. v. Marian Cath. High Sch.*, 852 F.3d 690, 696–97 (7th Cir. 2017); *Lewis v. Downey*, 581 F.3d 467, 471 n.7 (7th Cir. 2009). And § 1983 does not reach federal actors. *See D.C. v. Carter*, 409 U.S. 418, 424–25 (1973). Akbar also challenges a discovery ruling issued by a magistrate judge. But he never objected to the ruling with the district judge, so he waived his right to challenge it on appeal. *See* FED. R. CIV. P. 72(a).

AFFIRMED